LOUIE OSBORNE FERSON ET AL., APPELLANTS, V. ARMOUR & COMPANY: STANDARD OIL COMPANY ET AL., APPELLEES.

FILED APRIL 11, 1921. No. 21418.

Corporations: SERVICE OF PROCESS. Showing on special appearance, objecting to the jurisdiction of the court over the person of certain defendants, examined, and *held* to justify the holding of the trial court that the person served with summons was not an officer, clerk or managing agent of the defendant companies in Nebraska.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*John O. Yeiser,* for appellants.

*William H. Herdman, contra.*

FLANSBURG, J.

Appeal by plaintiffs from an order, sustaining objec-

tions to jurisdiction over the person of the defendants Standard Oil Company of New Jersey and Standard Oil Company of Ohio, on the ground that service of summons had not been made within the state of Nebraska upon the officer or managing agent or other person authorized to receive service, under sections 7634 and 7636, Rev. St. 1913.

Summons was served upon A. H. Richardson, president of the Standard Oil Company of Nebraska, a Nebraska corporation, capitalized at $1,000,000. The Nebraska corporation is not, however, made a defendant. The sheriff's amended return recites that he served the summons by delivering to the Standard Oil Company of Nebraska, "claimed by plaintiffs to be the managing agent of said Standard Oil Company of New Jersey, by delivering to A. H. Richardson, president of said Standard Oil Company of Nebraska," a copy of the summons. A like return is made for the Standard Oil Company of Ohio. The affidavits of A. H. Richardson and of the officers of the Standard Oil Company of New Jersey and of Ohio set out that the Nebraska corporation is a separate and distinct corporation, and that the New Jersey and Ohio corporations do no business in the state of Nebraska, and that A. H. Richardson is not an officer or managing agent of the New Jersey or Ohio companies and handles no business for those companies in this state. Mr. Richardson's affidavit shows that he acts only for the Nebraska corporation as its president and manages only the business carried on by the Nebraska corporation.

The plaintiffs, in opposition to this showing, filed no affidavits, took no depositions and introduced no testimony of persons who were directly in position to know the facts as to the relation between the three companies mentioned, but plaintiffs filed their own affidavit, attaching to it a copy of an amended petition, formerly filed in the case, and their affidavit recites that all the allegations of this petition are a recital "of things said and done in the presence of, or by, plaintiffs." The entire petition is attached as an exhibit to the plaintiffs' affidavit, without

Ferson v. Armour & Co.

reference to any specific portions thereof, evidently upon the theory that the court may read it and gather what it wishes, to support the plaintiffs' contention. The petition referred to is printed in small type and consists of 115 double-column pages, and had been previously stricken from the files by the trial court, on the ground that it was substantially composed of redundant, irrelevant and scandalous matter. The trial court no doubt found that the showing made by the plaintiffs, by reference only to allegations in the petition of things said or done in their presence, was entirely too indefinite to show the source of their knowledge, and to give the weight to their statements that would be given to parties who were in a position to know the facts and who made affidavits setting out what the facts were.

Furthermore, though we find in this petition allegations that the original Standard Oil Company of New Jersey had been dissolved and separated into various corporations, and general allegations that all of these companies were, in fact, still one company, aside from such general conclusion and opinion of the plaintiffs, we find no allegations of facts showing that the Nebraska corporation or A. H. Richardson acted as agent in any way to carry on business for the Ohio and New Jersey companies in Nebraska, nor what the relation now existing between those companies is, nor that the Nebraska company did more than carry on its own business in this state.

On such a showing, we are not inclined to disturb the decision of the trial court on that issue. A. H. Richardson is not shown to be such an officer, clerk or managing agent of the defendant companies that service upon him would bind them.

The order of the lower court is, therefore,

AFFIRMED.